# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| JAMAL AWAD<br>A# 72 451 734 | CIVIL ACTION NO. 05-1742-M |
| | SECTION P |
| VS. | JUDGE JAMES |
| ROBERTO GONZALES, ET AL. | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court are a Petition for Writ of Mandamus [doc. 1] and a Motion for Stay of Removal [doc. 4] filed by *pro se* petitioner Jamal Awad on October 7, 2005 and October 28, 2005. Awad is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He is presently detained at the Federal Detention Center, Oakdale, Louisiana, but when the petition was filed, he was detained at the Tensas Parish Detention Center, Waterproof, Louisiana.

Petitioner's removal from the United States was apparently ordered by an Immigration Judge based upon petitioner's July 16, 2003, conviction for mail fraud (see 18 U.S.C. §§371 and 1341) in the United States District Court for the Northern District of Mississippi. [See *United States of America v. Jamal Awad*, No. 1:03-CR-0030 (United States District Court, Northern District of Mississippi); see also *Jamal Awad v. Bureau of Citizenship and Immigration Services*, No. 2:06-cv-00163 (United States District Court, Western District of Louisiana.]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the

following reasons, it is recommended that the petition and its accompanying motion for stay of removal be **DENIED** and **DISMISSED.**

## STATEMENT OF THE CASE

In his Petition for Writ of Mandamus, petitioner describes himself as a "... [s]tateless citizen of Palestine..." who was born in a refugee camp in Syria. He entered the United States on September 15, 1991, and he was granted asylum on September 4, 1992. On February 1, 1993, he adjusted his status to that of lawful permanent resident. He is married to a citizen of the United States and his two children are likewise U.S. citizens.

Petitioner has twice applied for United States citizenship. He has passed the language, history, and government tests, but his application was denied on June 8, 1999, because the government alleged that he failed to reveal that he had previously been charged with embezzlement. The naturalization process was reopened at his request on March 21, 2000. On April 7, 2000, he submitted the necessary forms and was told that he would be contacted for the "swearing-in oath of allegiance and citizenship..."

Petitioner claims that the government "...has failed to perform its duty of administering the mandated oath of allegiance..." and that consequently he is entitled to a writ of mandamus directing the government to perform this duty.

In his Motion to Stay Removal, petitioner admits that on July 16, 2003, he pled guilty to one count of mail fraud and was sentenced to serve twelve months imprisonment. He implies that his removal was ordered based upon this conviction and that he remains in custody pending

removal.¹ He requests a stay of removal because he claims that he will most likely succeed in his claim for citizenship.

## LAW AND ANALYSIS

Petitioner claims that the court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction), 28 U.S.C. § 1361 (mandamus), the Administrative Procedure Act (APA) (5 U.S.C. §701 et seq.), 28 U.S.C. §1651 (the All Writs Act), and various provisions of the Immigration and Naturalization Act including 8 U.S.C. §§1448 and 1421

He seeks an order directing the respondents to administer a naturalization oath. While 28 U.S.C. § 1361 vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff ... ," mandamus may only be invoked in extraordinary situations. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980). Such relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir.1992); see also *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir.1998). To be eligible for such relief, the petitioner must establish: (1) that he has a clear and indisputable right to have his naturalization oath administered; (2) that defendants have a nondiscretionary duty to administer his naturalization oath; and (3) that he has no other adequate remedy. See *Allied Chemical*, 449 U.S. at 35, 101 S.Ct. at 190 (party seeking mandamus relief must show "clear and indisputable" right and have no other adequate remedy);

---

¹ These facts are further established by allegations made in petitioner's federal habeas corpus petition filed in the Lake Charles Division of this court. See *Jamal Awad v. Bureau of Citizenship and Immigration Services*, No. 2:06-cv-00163

*In re Stone*, 118 F.3d 1032, 1034 (5th Cir.1997) (same); *Dunn-McCampbell Royalty Interest, Inc. v. National Park Service*, 112 F.3d 1283, 1288 (5th Cir.1997) (duty must be for a specific, ministerial act, devoid of discretion).

Petitioner cannot establish that the defendants have a clear duty to administer his naturalization oath under the facts of this case. Notwithstanding the fact that he passed his naturalization exam and that an immigration officer approved his naturalization application, it does not follow that the oath of citizenship must be administered since in addition, applicants must also establish that they are of good moral character.[2] Whether an applicant has established that he is of good moral character and, thus, entitled to naturalization is not a purely ministerial act. "[I]mmigration officials are vested with broad discretion in making the ultimate decision whether to grant or deny an application for naturalization...." *Alkenani v. Barrows*, 356 F.Supp.2d 652, No. 3:04cv1638-BD (N.D.Tex., Feb. 14, 2005); see also *Sze v. Immigration and Naturalization Service*, 1997 WL 446236 at *5-6, No. C-97-0569- SC (N.D. Cal. Jul 24, 1997) (while INS imposed on itself a 120-day window in which to complete the naturalization process, the court held that this "duty" was not a "ministerial duty" as contemplated by the mandamus statute especially in light of Congressional demand that the backgrounds of naturalization applicants be properly investigated). Therefore, mandamus relief is unavailable.

Nor is petitioner entitled to relief under the Administrative Procedure Act (APA) (5 U.S.C. §701 *et seq*. APA is also unavailable for discretionary acts such as determining whether

---

[2] In order to be eligible for naturalization, an alien must establish that he "has been and continues to be a person of good moral character, attached to the principles of the constitution of the United States, and favorably disposed toward the good order and happiness of the United States." 8 C.F.R. § 316.2(a)(7).

to grant or deny an application for naturalization. Further, the waiver of sovereign immunity under the APA is not absolute. An aggrieved person may not sue a federal agency when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2); see also *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 153-54 (5th Cir.1998).

In any event petitioner is not presently eligible for naturalization. In a petition for writ of *habeas corpus* filed in the Lake Charles Division of this court on January 17, 2006, petitioner alleged, "On September 8, 2004, petitioner was served with notice to appear stating that he was removable from the United States for being found guilty of an aggravated felony ... Petitioner finished his sentence on November 16, 2004, ... on February 10, 2005, the Immigration Judge Gary Burkholder ordered [him] removed from the United States to any country possible [a]fter denying his application for asylum and withholding of removal and protection under CAT (Convention Against Torture). Petitioner then sought review of [the] judge's decision to the BIA (Board of Immigration Appeals) on July 25, 2005. The BIA affirmed the judge's decision ... [The] removal order became final on July 25, 2005..." See *Jamal Awad v. Bureau of Citizenship and Immigration Services*, No. 2:06-cv-00163, at doc. 1-1, pp. 9-10]

8 U.S.C § 1429 provides in part, "[N]o person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the [INA]...." (See also *Kembi v. INS*, 2001 WL 278187, 8 Fed. Appx. 328 (6th Cir. Mar.6, 2001) (holding district court could not naturalize petitioner while removal proceedings were pending); *Mendonca v. I.N.S.*, 52 F.Supp.2d 155, *163-164 (D.Mass.1999) (Alien was ineligible for naturalization because an order to show cause charging him with deportability had been issued) (citing *United States v. Ali*, 757 F.Supp. 710, 713 (W.D.Va.1991) (noting that "an order to 'show

5

cause' issued in a deportation proceeding ... is regarded as a 'warrant of arrest'" for purposes of § 1429).

The U.S. Citizenship and Naturalization Handbook provides the following explanation of the present version of § 1429, "The logic of this provision derives from a desire of Congress to prevent a race to a final decision between the deportability and naturalization adjudicators. Prior to the enactment of this provision, the practice was for both the deportation and naturalization processes to proceed along until either the court naturalized the Plaintiff or the service succeeded in deporting him or her, whichever happened first. The intention of Congress in enacting this provision was to resolve the race by creating a 'priority' provision. The Attorney General was given the power to choose either to allow the naturalization to proceed or to commence deportation proceedings and stay naturalization. In other words, Congress gave the Attorney General the power to institute or to withhold the institution of deportation proceedings, in order to allow a deportable non-citizen to proceed with naturalization." See U.S. Citizenship and Naturalization Handbook, § 7:14, at Westlaw, USCITNAT § 7:14, cited in *Rodriguez v. Meissner*, 2005 WL 887709 at fn 4 (U.S.D.C. – N.D.Tex.,2005.)

In short, petitioner is not entitled to the relief he seeks. This court may not compel the defendants to administer a citizenship oath to the petitioner. Further, since petitioner is not entitled to mandamus, and since he has premised his eligibility for a stay of removal on the likelihood of succeeding in the mandamus action, he is also not entitled to a stay of removal.

Accordingly,

**IT IS RECOMMENDED** that this Petition for Writ of Mandamus [doc. 1-1] be **DENIED AND DISMISSED WITH PREJUDICE;**

**IT IS FURTHER RECOMMENDED** that the Motion for Stay of Removal [doc. 4] be **DENIED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 10th day of April, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE